[No. 1474.]

# STATE OF NEVADA, RESPONDENT, v. GEORGE H. MEYERS, APPELLANT.

TAXATION—BOARD OF EQUALIZATION—PERSONAL PROPERTY—JURISDICTION.—Under Stats. 1893, p. 47, amending the revenue law, and authorizing the board of equalization to equalize the assessed valuation of personal property, it is not necessary that a complaint should be made to give the board jurisdiction of the subject.

IDEM—ASSESSMENT ROLL—DUTY OF ASSESSOR—PRESUMPTION.—Under the provisions of section 17 and 19 of the amended revenue law (Stats. 1893, pp. 45, 46), it is the duty of the assessor, on or before the first Monday of September of each year, to complete the assessment roll, which must contain a list of all the property in the county, real and personal, subject to taxation. In the absence of a showing to the contrary, it will be presumed that the assessor obeyed the law, in this respect, and that the property in question was properly listed upon the assessment roll.

IDEM—ALL PROPERTY TO BE EQUALIZED.—Under section 23 of the revenue law, as amended (Stats. 1893, p. 47), which provides that the board of equalization "shall have power to determine the valuation of any property assessed," the board has power and jurisdiction to equalize all property, without qualification or condition.

IDEM—UNIFORM AND EQUAL VALUATION—TRUE CASH VALUE—INSUFFICIENT SHOWING.—An agreed statement that the assessor made a uniform and equal valuation of the kind, character, and species of merchandise to which defendant's belonged, does not show that the valuation of defendant's property, as made by the assessor, was uniform with other kinds of personal property on the assessment roll, or that it was not equalized by the board at its true cash value, and is, therefore, insufficient to show that the raised valuation made by the board was unjust.

APPEAL from the District Court of the State of Nevada, Ormsby county; C. E. Mack, District Judge:

Action by the State against George H. Meyers for the tax upon the difference between the assessor's valuation and the valuation fixed by the board of equalization on defendant's stock of merchandise. From a judgment in favor of plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield*, for Appellant:

I. The presumption is at all times that the assessor has performed his duty. He is required to exercise his best judgment in determining the value of property to be assessed,

and the presumption is that official duty has been per-
formed.   (*Ballerino* v. *Mason*,  83 Cal. 449;  57 Cal. 614.)

II.   The political code of California, sec. 3673, gives the .
board of supervisors, after giving notice, power to increase
or lower any assessment contained therein.   But before this
provision of the code was adopted, the board of supervisors
or equalization had no power to increase the assessed value
of property without a complaint either oral or written being
made.   These cases have been followed by the supreme court
of this state under a similar provision in our revenue law.
(*Allison R. M. Co.* v. *Nevada County*, 104 Cal. 161; *People* v.
*Reynolds*, 28 Cal. 111; *People* v. *Flint*, 39 Cal. 670; *People* v.
*Goldtree*, 44 Cal. 323; *Duffy* v. *Moran*, 12 Nev. 94; *State*
v. *Washoe County*, 14 Nev. 142; *State* v. *C. P. R. R. Co.*, 21
Nev. 176; Stats. 1893, p. 47.)

III.   The board of supervisors can equalize assessments,
but they have no power to raise the assessment of personal
property beyond the amount returned by the assessor.
(*McConkey* v. *Smith*, 73 Ill. 314; *Darling* v. *Given*, 50 Ill.
428.)

IV.   The board of equalization had no right or authority
or power to raise or lower the assessed value of appellant's
personal property without a complaint being made to said
board, either oral or in writing.   And, furthermore, it had no
right to equalize any property except such as by law they
are authorized to equalize.   It had no authority to equalize
the personal property of defendant, for the reason that, under
the law, said personal property should not have appeared
upon the assessment roll when the same was before the board
of equalization as the law requires, and the same should not
have appeared upon said assessment roll until the same had
been returned to the auditor.   In other words, where a person
does not own real estate within the county, and the assessor
collects his taxes upon the personal property, said personal
property should not, under the law, appear upon the assess-
ment roll until after said roll has been delivered to the aud-
itor by the clerk of the board of equalization, and the auditor
then places upon the assessment roll all the personal prop-
erty the taxes upon which have been paid.   The board of
equalization has nothing to do with personal property where

the amount of the taxes has been paid by the individual. (Stats. 1891, 160.)

V.　The assessor having made a uniform assessment upon this particular kind and character of property within Ormsby county, Nevada, the board had no right to raise any particular individual or individuals without raising every other individual who had or owned similar kinds of property.

*A. J. McGowan*, District Attorney, and *Robt. M. Beatty*, Attorney-General, for Respondent:

I.　Stats. 1893, p. 47, sec. 8, declare in positive terms that the county board of equalization shall have power to determine the value of any property assessed, whether said valuation was fixed by the assessor or owner thereof. If this is true, then appellant has no right to refuse to pay the additional sum which resulted from the board's raising the valuation of his property.

By the Court, BELKNAP, J.:

Upon August 29, 1895, appellant, owning no real estate in Ormsby county, paid the taxes assessed against him for personal property, amounting to the sum of $264 75. Afterwards the board of equalization raised the assessed valuation of his stock of merchandise from $8,000 (upon which figure he had paid the tax) to $12,000. Judgment was entered against him in the district court for the tax upon the difference between the assessor's valuation and the valuation fixed by the board of equalization, and for costs, etc. From the judgment and an order refusing a new trial defendant appeals.

The first objection interposed is that no complaint was made to the board touching the assessment. The statute in this regard was amended at the session of 1893 (Stats. 1893, p. 47), and, as amended, it is not necessary that a complaint should be made to give the board of equalization jurisdiction of the subject.

2.　It is objected that the board had no jurisdiction to equalize defendant's taxes, for the reason that his property was not properly listed upon the assessment roll. This conclusion, it is claimed, results from the construction of the

provisions of section 68 of the revenue law, by which the auditor is required to enter upon the assessment roll upon its receipt by him, after the final adjournment of the board of equalization, all the original schedules of personal property made by the assessor. Under the provisions of sections 17 and 19 of the amended revenue law it is made the duty of the assessor, on or before the first Monday in September of each year, to complete the assessment roll, which must contain a list of all the property in the county subject to taxation, which list shall be verified by his affidavit. This requirement of the statute is a sufficient answer, of itself, to the contention, and we must assume, in the absence of a showing to the contrary, that the assessor obeyed the law and that the property was properly listed upon the assessment roll. But, aside from these provisions, other portions of the revenue law sustain the action of the board. The official title of the board is the "Board of Equalization." The received construction of its duty is to equalize the taxes. It would seem unreasonable that a board thus constituted would not have jurisdiction to equalize all property but such only as appears upon the assessment roll. Section 23 of the law provides, among other things, "that the board shall have power to determine the valuation of any property assessed." These words, in the connection with which they are used, include all property, and no qualification or condition whatever is imposed. This was evidently the intention of the members of the legislature that passed the bill. In the 66th section, touching personal property, it provides that the taxpayer shall not be deprived of his right to have his assessment equalized, and if, upon equalization, the value be reduced, the excess shall be refunded. In the present case the valuation was raised and not reduced, but the word "equalize," according to Webster, means "to make equal," "to be like in amount or degree, as to equalize accounts, burdens, or taxes." By raising the assessor's valuation, the board, in the exercise of its judgment, equalized the taxes of defendant with those of the other taxpayers of the county.

3. In the agreed statement of facts it is stated that the assessor made a uniform and equal valuation of this kind,

character and species of merchandise. No mention is made of other kinds, character or species of personal property. The statement is therefore insufficient to show that the raised valuation made by the board was unjust. It does not show that the valuation of defendant's property, as made by the assessor, was uniform with other personal property upon the assessment roll, and further that it was not equalized by the board at its true cash value.

Judgment affirmed.